UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRACE III AT HIGHLAND WOODS
ASSOCIATION, INC.,

      Plaintiff,

Case No.: 2:20-cv-00861

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

      Defendant.
_____/

### DEFENDANT'S RULE 56 MOTION TO DEFER CONSIDERING PLAINTIFF'S MOTION FOR SUMMARY FINAL JUDGMENT AND ALLOW TIME TO TAKE DISCOVERY, AND INCORPORATED MEMORANDUM OF LAW

Defendant, EMPIRE INDEMNITY INSURANCE COMPANY ("Empire"), by and through its undersigned counsel and pursuant to Rule 56(d), Federal Rules of Civil Procedure, moves this Court to defer considering Plaintiff's Motion for Summary Final Judgment and allow time for Empire to take discovery in order to present facts essential to justify its opposition, and states:

### Introduction

This action arises out of an insurance claim for Hurricane Irma damage that reportedly occurred at Plaintiff's property on or about September 10, 2017. In 2020, during the course of Empire's claim investigation, the parties entered into a written appraisal agreement ("Agreement"), under which appraisal would proceed via the process set forth in the insurance policy and the Agreement. *See*

Doc. 17-1, Ex. 2, Agreement. The appraisal panel did not issue a materially compliant, valid award, even after Empire extended a reasonable opportunity to cure the defects within 10 days. The awards the panel chose to issue were invalid. Empire challenged the awards in writing, and this lawsuit followed.

Plaintiff filed a Complaint alleging breach of the Agreement in Count I and breach of the policy in Count II. Doc. 1. Empire raised meritorious affirmative defenses, including challenges to the validity and enforceability of the award. Doc. 7. Those defenses require fact-finding to establish. On March 8, 2021, more than seven months prior to the Court's October 29, 2021, discovery deadline, and November 24, 2021, dispositive motions deadline, Plaintiff filed its Motion for Summary Final Judgment as to Count I (the "Motion") (Doc. 17).

Empire requires additional discovery to present facts essential to justify its opposition to the Motion. Fed. R. Civ. P. 56(d). Empire's defenses would defeat Count I if established, contrary to the erroneous legal contentions in Plaintiff's Motion. In order to establish those defenses, Empire must conduct additional discovery. Empire has outstanding discovery requests, including requests to depose the fact witnesses upon whose affidavits Plaintiff relies for its summary judgment motion. One of those fact witnesses was never disclosed in Plaintiff's Initial Disclosures. Empire's request for relief is premised on fundamental fairness, authorized by Rule 56(d), and one this Circuit routinely grants as a matter of course so that summary judgment is decided upon an adequate record.

## **MEMORANDUM OF LAW**

I. **Standard.**

Rule 56(d), Federal Rules of Civil Procedure, provides:

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"The law is in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997). Federal Rule of Civil Procedure 56(d) consequently permits a party from being "railroaded by a premature motion for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). "A district court may defer ruling on a motion for summary judgment where the party opposing the motion demonstrates through affidavit why 'it cannot present facts essential to justify [the motion's] opposition.'" *Slater v. Progress Energy Serv. Co., LLC*, Case No. 8:09-cv-208-T-24-EAJ, 2010 WL 1408431 (M.D. Fla. April 6, 2010) (quoting Federal Rule of Civil Procedure 56(d)); *see also Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992) ("Such continuance of a motion for summary judgment for purposes of discovery should be granted

almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'").

## II. Argument.

### a. Plaintiff's Motion raises erroneous legal contentions that obscure the genuine, material factual disputes in Count I.

Plaintiff's Motion incorrectly frames the issues in Count I, misapplies the law to the known facts, and obscures the existence of genuine factual disputes.

#### i. Defenses 5 through 7.

Plaintiff attempts to avoid Defenses 5 through 7 by arguing it substantially complied with Paras. 2.a. and 2.b. of the Agreement (a factual issue) and that Empire waived its right to challenge the award based on Plaintiff's failure to comply with those requirements in any event. *See* Doc. 17, Motion, at 15-16.

First, with respect to substantial compliance, that is a factual question. No determination can be made as to whether Plaintiff substantially complied without knowing *what* its purported compliance entailed. It requires fact-finding.

Second, with respect to waiver, Plaintiff misapplies the plain language of the Agreement. Plaintiff was required to provide documents and information within a certain scope and within a certain time as a condition precedent to appraisal. *See* Doc. 17-1, Ex. 2, Agreement at Paras. 2.a., 2.b, and 3. At the time of the Agreement, Empire's claim investigation was ongoing. The Agreement did not *forfeit* that investigation. The Agreement carried it onward. The requirements in Para. 2 were a continuation of the post-loss duty to comply with Empire's

ongoing claim investigation. *See* Agreement at Para. 1 (establishing that appraisal was to proceed under the Agreement *and* the policy). Therefore, complying with Para. 2 was not merely a condition precedent imposed by the Agreement; it was a carryover from the already existing obligations in the policy. *Id*. That is helpful to recognize when interpreting Paragraph 8, as discussed below.

While Plaintiff *alleged* that it complied with Para. 2 (or substantially complied), that does not make it undisputed, let alone true. And although Empire may have relied on those representations, that does not make the truth of those representations irrelevant now. If Plaintiff misrepresented its compliance, and caused appraisal to proceed prematurely, *Plaintiff* bears the risk of loss, not Empire. Empire's Defenses 5 to 7 advance this argument. Plaintiff was in control of its own compliance. As a practical matter, Empire could not have known whether Plaintiff truly complied with its requirements without an investigation into that issue, which would have delayed appraisal beyond the time either party contemplated or surely wanted. Consequently, not coincidentally, the Agreement preserved that very challenge (one based on a failure to comply with those requirements) for the post-appraisal stage.

By its plain language, the Agreement preserved Empire's right to raise the failure of post-loss conditions and conditions precedent as a challenge after appraisal (i.e., as a challenge to the award). *Id*. at Para. 8. The Agreement stated that although Empire initially waived "any defenses and arguments that appraisal […] is premature and/or unripe," such waivers would be "null and void" if

Plaintiff breached the Agreement, such as by "failing to comply with Paragraphs 2a. and 2.b." *Id*. It imposed no limit on *when* Empire could raise the challenge. As such, the Agreement provided that if Plaintiff failed to satisfy its requirements under Para. 2, it would not only be a breach of the Agreement but it would *revive* Empire's right to challenge the award on the grounds that appraisal was premature and/or unripe under the Agreement *or* the policy. *Id*. What is more, this breach would not only revive that challenge, it would make the success of that challenge all but a foregone conclusion. That is, if Plaintiff breached the Agreement by failing to comply with Para. 2, it would *mean* Plaintiff failed to satisfy its original, ongoing, Policy-based post-loss conditions and that appraisal was premature since the obligations in Para. 2 were but a continuation of Empire's ongoing claims investigation under the Policy. Completing that investigation was a condition precedent to appraisal under the Policy, and appraisal under the Agreement *was* an appraisal under the Policy (not just the Agreement). *See* Doc. 17-1, Ex. 1, Policy; *see also* Agreement at Para. 1 (stating the appraisal would proceed "via the appraisal process as set forth in the [policy] *and* pursuant to this Agreement"). The idea that the post-loss conditions in the Policy became optional as soon as Plaintiff represented that it complied with Para. 2 of the Agreement is simply not a valid or convincing argument.

Thus, Plaintiff's waiver argument renders the plain language in Paragraph 8 of the Agreement meaningless. Empire's conduct included the execution of the Agreement that *preserved* the challenge Plaintiff argues was waived.

As shown, Plaintiff's compliance with the requirements in Paras. 2.a. and 2.b. (which are merely continuations of the policy's post-loss conditions, *see id.*, Para. 1) is a material factual issue in Count I that requires further discovery. This is true even if, as Plaintiff argues, it only needed to substantially comply, because it is a fact question as to what Plaintiff did *to* comply in the first place.

### ii. Whether the panel "utilized and fully completed" the award form is a material factual question.

Under the Agreement, the parties agreed that "the Umpire and Appraisers shall utilize and fully complete the agreed-upon Appraisal Award form attached as Exhibit 'B'." Doc. 17-1, Ex. 2, Agreement at Para. 11.

The award form included an empty table with several empty lines below it to be completed by the panel. *See* Doc. 17-1, Ex. 2, Agreement. The table included columns for RCV, Ordinance and Law, Depreciation, and ACV. *Id.*

Paragraph 10 of the Agreement states:

> 10. **Notwithstanding any provision in the subject insurance Policy and/or any legal authority that would provide otherwise**, the Parties agree that the amount of the loss to be determined in Appraisal shall be determined on both a replacement cost value ("RCV") basis and an actual cash value ("ACV") basis and shall include all incurred costs and expenses as well as estimated and/or projected costs and expenses related to the loss, including those that may be incurred but have not yet been incurred, including but not limited to those amounts under the ordinance or law coverage. **Amounts under the ordinance or law coverage shall not be included in the stated RCV amount** but shall be stated separately with a separate total on the Appraisal Award form attached as Exhibit "B." Amounts for expert expenses shall not be included in the stated RCV amount but shall be stated separately with a separate total on the Appraisal Award form attached as Exhibit "B."

Doc. 17-1, Ex. 2, Agreement at Para. 10 (emphasis added). Contrary to what Plaintiff seems to suggest in its Motion, the Agreement does not say the panel shall merely *represent that* the amounts under ordinance and law were not included in the RCV amount. The Agreement says those amounts – which would include any code-required upgrades to the roofs, windows and sliding glass doors at the property – shall *not be included* in the stated RCV amount at all. That is a question of fact that endures even *after* the panel weighs in on its truth or falsity. In other words, the panel's saying it is true does not make it so.

Thus, representations appearing on the face of the award are simply not sufficient or dispositive. Under the Agreement, the award was never to be taken purely at face value. The Agreement did not allow the panel to, for example, simply back-fill the table in the form to add up to a pre-conceived final award amount (or to hide the fact that the RCV amount includes upgraded materials). It would be pointless for the Agreement to require the panel to "fully complete" the table in such an arbitrary, meaningless (and inaccurate and misleading) way. Necessarily, and under any reasonable interpretation, to "fully complete" the award form meant to use amounts that meaningfully, accurately correspond to the underlying facts. Empire requests the opportunity to discover those facts.

Both the absolute and relative accuracy of the amounts stated in the award are material to the question of whether the panel fully completed the form as

required by the Agreement. Determining the accuracy of the actual amounts stated is a factual inquiry, and that determination requires discovery.

### b. Plaintiff's Motion raises factual contentions through new, previously undisclosed affidavits that may be materially, genuinely disputed through additional discovery.

Plaintiff's Motion relies on affidavit testimony from fact witnesses, one of whom, Taylor Bach, was never disclosed in Plaintiff's Rule 26 Initial Disclosures. *See* Plaintiff's Rule 26 Initial Disclosures, attached as Exhibit "A". The affidavits contain factual contentions bearing on how appraisal was conducted, whether Plaintiff complied with the Agreement, and whether the panel exceeded its authority. Joe McCoy individually and Plaintiff's corporate representative are believed to have documents and information regarding the bases for the factual assertions in his affidavit, as well as regarding the issues discussed above.

Plaintiff's appraiser, George Keys, and his assistant, Taylor Bach, are believed to have documents and information relevant to Plaintiff's compliance with post-loss conditions and the conditions precedent set forth in Para. 2 of the Agreement, and relevant to the panel's failure to comply with its express grant of limited authority regarding the timing of the award, the failure to fully complete the award form, and the accuracy of the amounts stated in the awards in fact. For example, Mr. Keys would know or be able to assist in determining the precise kind and quality of the materials that formed the basis for his award of RCV and whether the RCV amount included code upgrades that invalidate the award.

### c. Until Empire has had a full opportunity to prepare a meaningful response to Plaintiff's Motion, Empire requests the Court defer consideration of the Motion.

Empire acknowledges Plaintiff's right to file the Motion now. Fed. R. Civ. P. 56(b) (unless a different time is set by local rule or Court order otherwise, a party may file a motion for summary judgment at any time until thirty (30) days after the close of all discovery). Empire has no objection to Plaintiff's filing of the Motion, but Empire requests a reciprocal allowance to take discovery that will enable it to present the facts essential to justify its opposition. *See* Affidavit of Phillip S. Howell, attached as Exhibit "B"; *see also* Fed. R. Civ. P. 56(d).

The Court set the discovery deadline for October 29, 2021, and the dispositive motions deadline for November 24, 2021. *See* Doc. 15, the Court's Case Management and Scheduling Order. Plaintiff filed its Motion more than six months prior to the discovery deadline. *See* Doc. 17. The parties agreed to a longer discovery period, in fact. The Court's Scheduling Order took into consideration the parties' Case Management Report in which the parties agreed to a discovery deadline of December 3, 2021, and a dispositive motions deadline of December 17, 2021. *See* Doc. 12, Case Management Report. As documented, Plaintiff contemplated that the parties would engage in discovery for a *longer* period than the Court ultimately set in place. Empire's request that consideration of the Motion be deferred to allow discovery is consistent with the parties' prior agreement and grounded in fundamental fairness. *Id.*

Empire's requested relief is appropriate under the circumstances. It is well-settled that summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to its position. *See Smith v. Florida Department of Corrections,* 713 F.3d 1059, 1064 (11th Cir. 2013). In ruling on summary judgment motions, the Eleventh Circuit has held that summary judgment may only be decided upon an adequate record. *See WSB-TV v. Lee,* 842 F.2d 1266, 1269 (11th Cir. 1988). If documents and other discovery sought will be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. *See Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 870 (11th Cir. 1988). If the nonmovant shows it cannot present facts essential to justify its opposition, the district court may defer judgment, deny the motion, and allow time for additional discovery, or issue any other appropriate order. *See* Fed. R. Civ. P. 56(d); *Smith v. Florida Department of Corrections,* 713 F.3d 259, at 1064.

In this case, Empire's request is squarely in line with those circumstances that justify a deferment in accordance with Rule 56(d). As of this date, Empire has outstanding discovery requests and has requested several depositions regarding its Affirmative Defenses (Doc. 7) and regarding Plaintiff's claims, including Plaintiff's corporate representative and the other fact witnesses upon whom Plaintiff relies to support its Motion for Summary Final Judgment.

Count I of the Complaint alleges breach of the Agreement. *See* Doc. 1, Complaint; *see also* Doc. 17-1, Ex. 2, Agreement. In seeking summary judgment on Count I, Plaintiff contends there are no genuine issues of material fact. Doc. 17. That is incorrect. As shown above, Plaintiff's Motion presents factual issues.

Courts within the Eleventh Circuit have regularly granted this very type of requested relief under similar circumstances. *See Smith v. Florida Department of Corrections, supra,* at 1064 (the trial court abused its discretion by granting summary judgment on insufficiency-of-evidence grounds when Smith was effectively blocked from gathering essential evidence); *Jones v. City of Columbus,* 120 F.3d 248, 253 (11th Cir. 1997) (finding district court abused its discretion in deciding summary judgment when the plaintiffs never had the opportunity to examine all the documents they requested or to depose the city officials **whose affidavits were offered in support of a motion for summary judgment**) (emphasis added); *Windward Associates Corp. v. M/Y Esterel,* No. 2:08-cv-650-FtM-29DNF, 2009 WL 1228428 (M.D. Fla. May 4, 2009) (as discovery had not occurred, a yacht management company could not present facts essential to justify its opposition to a refurbisher's declaration that a charge to refit a yacht was reasonable; therefore, the refurbisher was not entitled to a summary judgment in action to enforce maritime lien); *Lippman v. City of Miami*, 724 F. Supp. 2d 1240, 1258 (S.D. Fla. 2010) (where plaintiff identified numerous items it required to oppose a motion for summary judgment, including supporting affidavit, and **where plaintiff had not been afford the opportunity to**

**depose the affiant**, improper to rule on the motion without allowing discovery) (emphasis added); *Luberisse v. V&VSons, Inc.,* No. 07-81064-CIV, 2008 WL 4820071, at *1 (S.D. Fla. Nov. 3, 2008); *Doe v. Wooten,* No. 1:07- CV-2764-RWS, 2009 WL 113423 (M.D. Ga. Jan. 16, 2009) (plaintiff granted extension of time to perform jurisdictional discovery to respond to defendant's summary judgment motion; the plaintiff outlined specific discovery sought and how the evidence would allegedly create issues of material fact as to the defendant's contacts with the area, that would preclude judgment as a matter of law); *Holloway v. Travelers Indemnity Co.,* 761 F. Supp. 2d 1371 (N.D. Ga. 2010) (motion for partial summary judgment against defendant was premature, and would therefore be dismissed, where motion was filed before defendant was served and not had the benefit of discovery); *Synovus Bank v. Shannon,* No. 4-11-CV-145, 2012 WL 6598500 (M.D. Ga. March 16, 2012) (generally, summary judgment is appropriate when the party opposing the motion has been unable to obtain responses to his discovery requests or take depositions; FED. R. CIV. P. 56(d)(2) permits the court to expand the time to defer considering a motion for summary judgment or deny it so that discovery can be completed).

As such, until Empire is afforded the opportunity to conduct this discovery, then Empire's motion for summary judgment is premature. Empire is requesting that Plaintiff's Motion be stayed until after Empire is able to obtain discovery regarding the issues raised in Plaintiff's Count I and Defendant's Affirmative Defenses that are the subject of Plaintiff's Motion for Summary Final Judgment.

Once Empire obtains that discovery, including transcripts of depositions taken, it will promptly respond to Plaintiff's dispositive motion. No party will be prejudiced if the Court briefly delays ruling on Plaintiff's Motion. As noted above, Plaintiff originally agreed that discovery would not be cut off until December 2021, and there is more than 7 months' time remaining under the Court's discovery deadline of October 29, 2021. Doc. 15.

**WHEREFORE**, Empire requests that the Court grant this Motion, defer consideration of Plaintiff's Motion for Summary Final Judgment, allow Empire a reasonable opportunity to take the discovery outlined above, and grant such other and further relief as the Court deems just and proper as a matter of law.

/s/ Phillip S. Howell
PHILLIP S. HOWELL, ESQ.
Fla. Bar No.: 377030
DAVID T. BURR, ESQ.
Fla. Bar No.: 0117022
Galloway, Johnson, Tompkins, Burr & Smith, PLC
400 N. Ashley Drive, Suite 1000
Tampa, Florida 33602
Tel: 813-977-1200
Fax: 813-977-1288
tampaservice@gallowaylawfirm.com
phowell@gallowaylawfirm.com
dburr@gallowaylawfirm.com
*Counsel for Defendant, Empire Indemnity Insurance Company*

## Local Rule 3.01(g) Certification

I hereby certify that the undersigned conferred with opposing counsel by phone on March 23, 2021, and the Plaintiff opposes the relief sought herein.

/s/ David T. Burr
PHILLIP S. HOWELL
DAVID T. BURR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following via electronic mail delivery March 24, 2021:

Cary J. Goggin, Esq.
Amanda Broadwell, Esq.
Goede, Adamczyk, Deboest & Cross, PLLC
6609 Willow Park Drive, Suite 201
Naples, FL 34109
cgoggin@gadclaw.com
abroadwell@gadclaw.com
jdelgado@gadclaw.com
*Counsel for Plaintiff*

/s/ Phillip S. Howell
PHILLIP S. HOWELL
DAVID T. BURR