IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRACE III AT HIGHLAND )
WOODS ASSOCIATION, INC., )
                          )
      Plaintiff, )
v. )      CASE NO.: 2:20-CV-861-FTM-
                          )      66NMP
EMPIRE INDEMNITY )
INSURANCE COMPANY, )
                          )
      Defendant. )

## AFFIDAVIT OF PHILLIP S. HOWELL, ESQ.

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

      BEFORE ME, the undersigned authority, personally appeared Phillip S. Howell, Esq., who, after being first duly sworn, deposes and states:

    1.    My name is Phillip S. Howell and I am over the age of eighteen (18) years.

    2.    I am mentally competent and I have personal knowledge of the matters set forth herein. Each of the statements contained within this affidavit are, to the best of my knowledge and belief, true and correct, and are made under penalty of perjury.

    3.    At all times materials hereto, I have been employed with Galloway Johnson Tompkins Burr & Smith, PLC.

1

4.     I am making this Affidavit based on my own personal knowledge in support of EMPIRE INDEMNITY INSURANCE COMPANY's ("Empire") Rule 56(d) Motion.

5.     Galloway Johnson Tompkins Burr & Smith, PLC is currently counsel of record for Empire in this matter and has, at all times material hereto, maintained a litigation file. These file materials include those documents filed, received, reviewed, and generated and prepared in the course of Galloway Johnson Tompkins Burr & Smith, PLC's representation of Empire's interest in this matter. This litigation file is maintained in the ordinary course and scope of the firm's business, and for the purposes of this Affidavit, I am the firm's designated Records Custodian for the information contained therein. The documents described herein are attached as Composite "**Exhibit 1**".

6.     On October 29, 2020, TERRACE III AT HIGHLAND WOODS ASSOCIATION, INC. ("Terrace III") filed a Complaint in the United States District Court, Middle District of Florida (Case No. 2:20-cv-00861). On November 25, 2020, Defendant, Empire Indemnity Insurance Company filed Defendant's Answer and Affirmative and other Defenses to Plaintiff's Complaint.

7.     On February 3, 2021, this Court issued its Case Management and Scheduling Order ("CMSO").

8.     With the CMSO in place, Empire has commenced its written and deposition discovery in this matter, with the understanding that it would have

ample time to conduct all necessary discovery by the following "disclosure" and "cut-off" deadlines:

(a)    Disclosure of Expert Reports, Plaintiff, July 30, 2021;

(b)    Disclosure of Expert Reports, Defendant, August 30, 2021;

(c)    Discovery Deadline, October 29, 2021; and

(d)    Dispositive Motion Deadline, November 24, 2021.

9.    As of the filing date of this Motion, and mindful of the Court's disclosure and filing deadlines, Empire has issued discovery concerning Plaintiff's allegations and other documents relevant to the case:

(a)    Requests for the depositions of Plaintiff's Corporate Representative, Joseph McCoy, George Keys and Taylor Bach on March 16, 2021 and follow-up for dates on March 19, 2021;

(b)    Service of Interrogatories and Requests for Production on March 22, 2021.

10.    On March 8, 2021, more than eight (8) months in advance of this Court's November 24, 2021 Dispositive Motion deadline, Plaintiff filed and served Plaintiff's Motion for Summary Final Judgment as to Count I and Incorporated Memorandum of Law [Doc. 17] ("Plaintiff's Summary Judgment Motion").

11.    Based upon my review of the arguments raised in Plaintiff's Summary Judgment Motion, I concluded that there still remains disputed and material questions of fact, including how the appraisal was conducted, whether

3

Plaintiff, the appraisers and umpire complied with the parties' Appraisal Agreement, and whether the appraisal panel exceeded its authority. Joe McCoy individually and Plaintiff's corporate representative are believed to have documents and information regarding the bases for the factual assertions in his affidavit filed in support of Plaintiff's Motion for Summary Judgment, as well as regarding the issues discussed above. Plaintiff's appraiser, George Keys, and his assistant, Taylor Bach, are believed to have documents and information relevant to Plaintiff's compliance with post-loss conditions and the conditions precedent set forth in Para. 2 of the Agreement, and relevant to the panel's failure to comply with its express grant of limited authority regarding the timing of the award, the failure to fully complete the award form, and the accuracy of the amounts stated in the awards in fact. For example, Mr. Keys would know or be able to assist in determining the precise kind and quality of the materials that formed the basis for his award of RCV and whether the RCV amount included code upgrades that invalidate the award. Taylor Bach's affidavit was filed in support of Plaintiff's Motion for Summary Judgment and was not disclosed in Plaintiff's Rule (26)(a) disclosures.

12.    Terrace III would not, in any way, be prejudiced by this Court granting Empire's motion, but Empire will be prejudiced if it is required to respond to the dispositive motion without first taking discovery regarding the issues discussed above.

13.     Given those concerns raised above, I respectfully submit and certify that at this particular point in time, Empire cannot present those facts essential to justify a meaningful opposition to Plaintiff's Summary Judgment Motion. Given this present inability, Empire requests that the Court defer consideration of Plaintiff's Summary Judgment Motion until 21 days after Empire completes the discovery outlined in Paragraph 9 above and receives the deposition transcripts.

FURTHER AFFIANT SAYETH NOT.

Signature: _____

STATE OF FLORIDA               }
                               } SS
COUNTY OF HILLSBOROUGH         }

THE FOREGOING INSTRUMENT was acknowledged before me this _____ day of March 2021, by Phillip S. Howell, Esq. who is personally known to me and did take an oath, acknowledging that the above and foregoing it true and correct and that it was executed freely and voluntarily for the purposed expressed therein.

Subscribed and sworn to before me this _**23rd**_ day of _**March**_____, 2021.

_____
                                           Notary Public

My Commission Expires:

WHITNEY BREWER-DICK
MY COMMISSION # GG 232910
EXPIRES: June 27, 2022
Bonded Thru Notary Public Underwriters



Galloway Johnson Tompkins Burr & Smith

Texas | Louisiana | Mississippi | Alabama | Florida | Georgia | Missouri

PHILLIP S. HOWELL
Director
Licensed in Florida
phowell@gallowaylawfirm.com

DAVID T. BURR
Associate
Licensed in Florida and New York
dburr@gallowaylawfirm.com

400 N. Ashley Drive, Suite 1000
Tampa, Florida  33602
Tel:  (813) 977-1200
Fax:  (813) 977-1288
www.gallowaylawfirm.com

March 16, 2021

***Via Email Only***

Cary J. Goggin, Esq.
Amanda Broadwell, Esq.
Kurtis Jay Keefer, Esq.
Goede, Adamczyk, Deboest & Cross, PLLC
6609 Willow Park Drive, Suite 201
Naples, FL 34109
cgoggin@gadclaw.com
abroadwell@gadclaw.com
jdelgado@gadclaw.com

      Re:    *Terrace III at Highland Woods Association, Inc. v. Empire Indemnity Insurance Company*
            Case No.:      2:20-CV-861-FTM-66NMP

Dear Mr. Goggin and Ms. Broadwell:

      We received Terrace III's Motion for Summary Final Judgment as to Count I. In order to present facts essential to justify its opposition, Empire needs to conduct discovery. Empire will serve discovery requests in the next several days. Empire also requests the depositions of Taylor Bach, George Keys, Joseph McCoy, and Terrace III's corporate representative. Our office will contact yours shortly to coordinate and set these at a time that is mutually convenient to the parties. We will also provide areas of inquiry for the corporate representative's deposition.

      Sincerely,

      ***/s/ Phillip S. Howell***

      Phillip S. Howell, Esq. and
      David T. Burr, Esq.

PSH/DTB

EXHIBIT 1

## David Burr

| | |
|---|---|
| **From:** | Brandi Hughes |
| **Sent:** | Tuesday, March 23, 2021 7:55 AM |
| **To:** | 'Amanda Broadwell, Esq.'; David Burr |
| **Cc:** | Phillip Howell; 'Cary Goggin, Esq.'; 'Julia Delgado' |
| **Subject:** | RE: Terrace III at Highland Woods Association, Inc. v. Empire Indemnity Ins. Co. - Case No. 2:20-cv-861-FtM-66NMP |

Good morning,

Following up on the below. Please forward available dates for the requested depositions.

Thank you,

---

**From:** Brandi Hughes
**Sent:** Friday, March 19, 2021 9:38 AM
**To:** 'Amanda Broadwell, Esq.' <abroadwell@gadclaw.com>; David Burr <DBurr@gallowaylawfirm.com>
**Cc:** Phillip Howell <PHowell@gallowaylawfirm.com>; Cary Goggin, Esq. <cgoggin@gadclaw.com>; Julia Delgado <jdelgado@gadclaw.com>
**Subject:** RE: Terrace III at Highland Woods Association, Inc. v. Empire Indemnity Ins. Co. - Case No. 2:20-cv-861-FtM-66NMP

Good morning,

Please see below Areas of Inquiry. Thank you,

1. The dollar amount of the claim being made against Policy No. ECL9489894-05, (the "Policy") for the loss dated September 11, 2017;

2. The identification and explanation of each element of damages claimed, including the amount of each element of damages claimed; the manner in which each was calculated; and the name, address and qualifications of any person who has assisted in the identification and/or calculation of those damages;

3. The investigation of the loss, including how and when it first learned of damage to the buildings located at 9450 Highland Woods Blvd., Bonita Springs, Florida 34135;

4. The substance of its communications with contractors, consultants, experts and others related to scope of work and costs to repair the building;

5. The extent of any damage to the roof, doors, windows and interiors of the building;

6. The substance of its communications with unit owners and occupants regarding damages to roof, doors, windows and interiors;

7. The repairs or other remediation work performed as a result of the loss;

8. Repairs or other remediation work anticipated to be performed as a result of the loss;

9. The status of contracts to repair or remediate the building and payments made;

1

10. The actions of its board of directors or members related to the loss;

11. The existence and status of any assignments of its rights under the Policy;

12. Repairs and/or maintenance related to any of the elements of the buildings included within this claim; and

13. Empire's requests for Information and documents during the investigation of the claim and prior to suit;

14. All documents Plaintiff and its representatives and agents  provided to Empire pertaining to this claim;

15. All documents Plaintiff and its representatives and agents  provided to its appraiser and the umpire pertaining to this claim;

16. Communications with appraisers, umpires and their assistants, representatives, employees and agents;

17. The Motion for Summary Judgment, with affidavits, filed by Plaintiff in this action; and

18. *Any* other information that may be pertinent to this claim.

---

**From:** Amanda Broadwell, Esq. <abroadwell@gadclaw.com>
**Sent:** Friday, March 19, 2021 9:02 AM
**To:** Brandi Hughes <BHughes@gallowaylawfirm.com>; David Burr <DBurr@gallowaylawfirm.com>
**Cc:** Phillip Howell <PHowell@gallowaylawfirm.com>; Cary Goggin, Esq. <cgoggin@gadclaw.com>; Julia Delgado <jdelgado@gadclaw.com>
**Subject:** RE: Terrace III at Highland Woods Association, Inc. v. Empire Indemnity Ins. Co. - Case No. 2:20-cv-861-FtM-66NMP

**\*\*\* External Sender - Please Exercise Caution\*\*\***

Good Morning,
Please provide the scope of inquiry for the requested corporate representative deposition so we can assess who/how many people we will need to produce.

Best,
Amanda



**Amanda Broadwell, Esq.**
**Partner**
**Goede, Adamczyk, DeBoest & Cross, PLLC**

6609 Willow Park Drive, Second Floor, Naples, FL 34109
Direct: 239-300-9664 / Fax : 239-260-7677
Email: abroadwell@gadclaw.com

www.GADCLAW.com
Our Offices : Naples / Fort Myers / Coral Gables / Boca Raton / Pensacola / Puerto Rico

To prevent fraud, we only accept wires for closing real estate transactions.  Cyber criminals are using email compromise schemes to target companies and individuals purchasing property. These schemes include (but are not limited to) using fake emails from attorneys, real estate firms or title agencies to request wire transfers to fraudulent accounts. Always validate payment requests/instructions in person or by calling a known telephone number (not one provided in the email).  Do not send wiring instructions or financial information over email and only send us sensitive information via our encrypted email portal.

Evidentiary Privilege.  To the extent that this message is a communication to settle a claim, all evidentiary limitations on its use are hereby expressly made applicable to its contents.

Confidentiality Notice. This message contains information from Goede, Adamczyk, DeBoest & Cross, PLLC that may be privileged and/or confidential and intended only for the use of the individual or entity named above. If you are not the intended recipient, please be advised that any disclosure, dissemination, copying, distribution or other use of the contents of this message is strictly prohibited. If you have received this message in error, please do not read it. Please immediately inform the sender that you have received the communication in error and then delete it.

Federal Fair Debt Collection Practices Act.  To the extent that this message is an effort to collect a consumer debt, you are hereby notified that this is a communication from a debt collector and that all information provided in response to this message may be used for debt collection purposes.

---

**From:** Brandi Hughes <BHughes@gallowaylawfirm.com>
**Sent:** Friday, March 19, 2021 7:53 AM
**To:** David Burr <DBurr@gallowaylawfirm.com>; Cary Goggin, Esq. <cgoggin@gadclaw.com>; Amanda Broadwell, Esq. <abroadwell@gadclaw.com>; Julia Delgado <jdelgado@gadclaw.com>
**Cc:** Phillip Howell <PHowell@gallowaylawfirm.com>
**Subject:** RE: Terrace III at Highland Woods Association, Inc. v. Empire Indemnity Ins. Co. - Case No. 2:20-cv-861-FtM-66NMP

Good morning,

We are following up on our request for depositions. Please forward available dates.

Thank you,


**Brandi Hughes, Legal Assistant**
400 N. Ashley Drive, Suite 1000
Tampa, FL 33602
O: 813-977-1200 | F: 813-977-1288
BHughes@gallowaylawfirm.com



TX | LA | MS | AL | FL | GA | MO
www.gallowaylawfirm.com


THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT FORWARD WITHOUT SPECIFIC PERMISSION.

**From:** David Burr
**Sent:** Tuesday, March 16, 2021 1:32 PM
**To:** 'Cary Goggin, Esq.' <cgoggin@gadclaw.com>; 'Amanda Broadwell, Esq.' <abroadwell@gadclaw.com>; 'Julia Delgado' <jdelgado@gadclaw.com>
**Cc:** Phillip Howell <PHowell@gallowaylawfirm.com>; Brandi Hughes <BHughes@gallowaylawfirm.com>
**Subject:** Terrace III at Highland Woods Association, Inc. v. Empire Indemnity Ins. Co. - Case No. 2:20-cv-861-FtM-66NMP

Dear counsel:

Please see attached correspondence requesting depositions in this case. Thank you.

Best regards,
David

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRACE III AT HIGHLAND )
WOODS ASSOCIATION, INC., )
  )
  Plaintiff, )
v. )  CASE NO.: 2:20-CV-861-FTM-
  )  66NMP
EMPIRE INDEMNITY )
INSURANCE COMPANY, )
  )
  Defendant. )
_____

## **DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Defendant, EMPIRE INDEMNITY INSURANCE COMPANY ("Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 34, propounds the following Request for Production to Plaintiff, TERRACE III AT HIGHLAND WOODS ASSOCIATION, INC., as follows:

## **DEFINITIONS**

As used in these Requests, the terms listed below are defined as follows:

1. "You", or "Your", means the Plaintiff, TERRACE III AT HIGHLAND WOODS ASSOCIATION, INC., their agents, representatives, and, unless privileged, their attorneys.

2. "Complaint" means the Plaintiff's complaint that is the subject of this lawsuit.

3. "Loss" refers to the loss and/or damages described in the Plaintiffs' Complaint.

4. "Property" means 9450 Highland Woods Blvd., Bonita Springs, Florida 34135.

5. "Policy" refers to the policy described in Plaintiff's Complaint with a policy number of ECL9489894.

6.      "Identify" or "identification", when used with respect to an individual, means to state that individual's full name, present or last known employer, telephone number, and present or last known address.

7.      "Document" includes, without limitation, the following items, all written or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limitation, papers, books, letters, photographs, perspectives, drawings, sketches, feasibility studies, objects, tangible things, correspondence, telegraphs, memoranda, inter-office communications, records, reports, studies, surveys, contracts, licenses, agreements, ledgers, books of account, summaries, computer printouts and other computer materials, transcripts, analyses, proposals, suggestions, legal pleadings, deeds, mortgages, bills of sale, security agreements, legal documents, account records, vouchers, records of inter-bank transfers of funds, bank checks, cashier's checks, invoices, drafts, deposit slips, charge slips, receipts, check stubs, bills, freight bills, bills of lading, working papers or drafts, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, bids, estimates, job or transactions files, credit reports, notations, notes, sound records of any type, minutes of directors' or other meetings, phone-records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, motion picture films, videotapes, kinescopes, research or other articles and treatises, including all attachments and enclosures thereto.

## SCOPE OF PRODUCTION

If any documents are withheld under claim of privilege, furnish a list identifying each document for which the privilege is claimed, together with the following information:

1.      a brief description of the nature and subject matter;
2.      the date;
3.      the name and title of the author(s);
4.      the name and title of the person(s) to whom the document was addressed;
5.      the name and title of the persons(s) to whom the document was sent;
6.      the number of pages;
7.      the paragraph to which the document is otherwise responsive; and
8.      the nature of the claimed privilege.

2

## REQUESTS FOR PRODUCTION

1.      All statements, whether recorded, oral, written or transcribed or of any other nature, which are in your possession that relate to the Loss.

2.      All correspondence, whether in emails, letter form, text messages or any other form, between Plaintiff and the Defendant that relates to the Loss.

3.      All correspondence and documents related to the Loss or appraisal, whether in emails, letter form, text messages or any other form, exchanged between (i) Plaintiff and/or Plaintiff's counsel and (ii) either panel appraiser and/or their agents, assistants, or employees, regardless of the inclusion of any other individuals in the exchange.

4.      All correspondence and documents related to the Loss or appraisal, whether in emails, letter form, text messages or any other form, exchanged between (i) Plaintiff and/or Plaintiff's counsel and (ii) the panel umpire and/or his agents, assistants, or employees, regardless of the inclusion of any other individuals in the exchange.

5.      All correspondence and documents related to the Loss or appraisal, whether in emails, letter form, text messages or any other form, exchanged between two or more panel members or their agents, assistants, or employees, regardless of the inclusion of any other individuals in the exchange.

6.      All bills, estimates, receipts, contracts, invoices or other documents related to the Loss or damages you seek to recover from Defendant in this lawsuit.

3

7.     All reports, estimates, correspondence, or other documents provided to or received from any public adjuster, appraiser, umpire, architect, engineer, general contractor or other person or entity retained by Plaintiff, their attorneys or their agents to appraise, assess or otherwise assist in valuing the damages and/or Loss claimed in your Complaint.

8.     All models, maps, drawings, or photographs of the damages and/or Loss alleged in the Complaint.

9.     All videotapes or films taken as a result of the damages and/or Loss alleged in the Complaint.

10.     All documents or exhibits that you may attempt to introduce as an exhibit during the trial of this matter.

11.     All expert reports from and/or correspondence with experts that you intend to introduce at the trial of this matter.

12.     All documents relied upon by the Plaintiff to support the allegations set forth in the Complaint.

13.     The correspondence identified in Plaintiff's Initial Disclosures at section (ii)4.

14.     All documents supporting the computation of damages alleged in Plaintiff's Initial Disclosures.

15.     All settlement documents, releases, indemnity agreements, and/or hold harmless agreements of any kind which pertain to the Loss described in the Complaint.

16.    All documents submitted to, or received from, any insurer, surety, design professional, contractor, subcontractor, material provider, service provider or other person or entity that may be responsible for any portion of the Loss or damages alleged in the Complaint.

17.    All documents, correspondence, or electronic mail identified in, supporting, corroborating or substantiating Plaintiff's Answers to Defendant's First Interrogatories.

18.    All documents supporting, corroborating or substantiating damage as a result of the Loss alleged in the Complaint.

19.    All statements from any third party regarding repairs performed and related observations as a result of the Loss alleged in the Complaint.

20.    All documents received from residents and owners at the Property pertaining to the Loss, including, but not limited to, reports of damage, survey responses, photographs, estimates, invoices, and other documentation of repairs or replacements made to any insured property.

21.    All documents supporting, corroborating or substantiating any steps taken, and expenses incurred, to protect the Property from further damage after the Loss occurred.

22.    All contracts, invoices, payment ledgers and other documents, including correspondence, from or to general contractors or subcontractors that performed work on the Property.

23.    All budgets, plans, drawings, change orders, construction schedules, requests for information, and specifications for construction, repair or remediation projects at the Property.

24.    All daily, weekly or other periodic reports of the progress of the construction.

/s/ Phillip S. Howell
PHILLIP S. HOWELL,
Fla. Bar No.: 377030
DAVID T. BURR,
Fla. Bar No.: 0117022
Galloway, Johnson, Tompkins, Burr & Smith, PLC
400 N. Ashley Drive, Suite 1000
Tampa, Florida 33602
Tel: 813-977-1200
Fax: 813-977-1288
tampaservice@gallowaylawfirm.com
phowell@gallowaylawfirm.com
dburr@gallowaylawfirm.com
*Counsel for Defendant, Empire Indemnity Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following via electronic mail delivery March 22, 2021:

Cary J. Goggin, Esq.
Amanda Broadwell, Esq.
Kurtis Jay Keefer, Esq.
Goede, Adamczyk, Deboest & Cross, PL
6609 Willow Park Drive, Suite 201
Naples, FL 34109

cgoggin@gadclaw.com
abroadwell@gadclaw.com
jdelgado@gadclaw.com
*Counsel for Plaintiff*

/s/ Phillip S. Howell
PHILLIP S. HOWELL
DAVID T. BURR

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRACE III AT HIGHLAND WOODS )
ASSOCIATION, INC., )
 )
      Plaintiff, )
v. )     CASE NO.: 2:20-CV-861-FTM-66NMP
 )
EMPIRE INDEMNITY INSURANCE )
COMPANY, )
 )
      Defendant. )

_____

**DEFENDANT'S AMENDED FIRST SET OF INTERROGATORIES TO PLAINTIFF**
*(Amended to correct original numbering and the substance of Nos. 6 and 7)*

     Defendant, EMPIRE INDEMNITY INSURANCE COMPANY ("Defendant"),

propounds the following First Set of Interrogatories to Plaintiff, TERRACE III AT HIGHLAND

WOODS ASSOCIATION, INC., to be answered in accordance with Fed. R. Civ. P. 33:

**DEFINITIONS**

     As used in these Requests, the terms listed below are defined as follows:

     1.    "You", or "Your", means the Plaintiff, TERRACE III AT HIGHLAND WOODS
ASSOCIATION, INC., their agents, representatives, and, unless privileged, their attorneys.
     2.    "Complaint" means the Plaintiff's complaint that is the subject of this lawsuit.
     3.    "Loss" refers to the loss and/or damages described in the Plaintiffs' Complaint.
     4.    "Property" means 9450 Highland Woods Blvd., Bonita Springs, Florida 34135.
     5.    "Policy" refers to the policy described in Plaintiff's Complaint with a policy
number of ECL9489894.
     6.    "Identify" or "identification", when used with respect to an individual, means to
state that individual's full name, present or last known employer, telephone number, and present
or last known address.
     7.    "Document" means any written, recorded or graphic matter however produced or
reproduced.
     8.    "Identify" or "identification", when used with reference to a document, means to
describe the type of document (e.g., lease, memorandum, contract, telegram, chart, photograph,
videotape, etc.) briefly describe its contents, and provide some means of identifying its location
and custodian, the date thereon, if any, and the identity of the party or parties whose name or

names appear thereon, or in lieu thereof, you may attach to your answers a copy of each such document.

## **INTERROGATORIES:**

1.     What is the name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**

2.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

**ANSWER:**

3.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

4.      Identify each document in your possession reflecting the exchange of information between you and Defendant relating to the allegations contained within the Complaint. (In lieu of a response to this interrogatory you may produce the documents.)

**ANSWER:**

5.      Identify each correspondence and other document exchanged between Plaintiff, its appraiser, and the umpire, or any two of them, including any agents, assistants, or employees of theirs, relating to the allegations contained within the Complaint. (In lieu of a response to this interrogatory you may produce the documents.)

**ANSWER:**

6.      Identify each document that you contend supports Your or the umpire's contention that none of the actual or estimated repairs or replacements reflected in the RCV amount stated in the appraisal awards dated August 8, 2020, or September 18, 2020, includes any ordinance and law or any code upgrades, such as for impact rated glass.

**ANSWER:**

7.      Identify each document showing that all materials reflected in the RCV amount stated in the appraisal awards dated August 8, 2020, or September 18, 2020, are of like kind and quality to the materials they replace, including all documentation of the kind and quality of materials used for any estimate created or presented by You or your public adjuster or appraiser related to this Loss.

**ANSWER:**

8.      State the name, address and telephone number of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any physical evidence, model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name, address, and telephone number of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

9.      Identify the name(s) and address(es) of any public adjuster, appraiser, architect, engineer, general contractor or other person or entity who were retained by you to appraise, assess or otherwise assist in valuing the damages and/or Loss claimed in your Complaint,

including also the name(s) and address(es) of the subordinates, assistants, employees, agents, and any others they in turn retained or relied upon for that purpose.

**ANSWER:**

10.     Identify all damage or disrepair to any insured property reported by a unit owner or resident to You or your agents, representatives, or employees following Hurricane Irma, including the name and address of the individual(s) reporting, the damage or disrepair reported, the manner in which it was reported, the location of the damage or disrepair, the results of any inspection or investigation performed and who performed it, and any repairs performed and who performed them.

**ANSWER:**

11.     List any and all policies of insurance which provided coverage for Plaintiff, on the date of loss identified in your Complaint.  For each policy listed, please provide the name of the insurer, policy number, and type of coverage provided, including the policy limits.

**ANSWER:**

12.     Identify each item of loss or damages that you contend you have or will incur as a result of the alleged Loss to the Property. For each item of damage, provide the following:

(a)  describe the damage, including its location;

(b)  identify the cost of the damage and the manner in which it was calculated;

(c)  identify any increased costs of construction to comply with building codes that are included in your cost of the damage;

(d)  state whether the damage has been repaired, and if so, identify who repaired the damage; and

(e)  identify each provision under the Policy that affords coverage for the expense, damage or loss.

**ANSWER:**

13.     Describe all steps taken, and including the expenses incurred, to protect the Property from further damage after the Loss occurred.

**ANSWER:**

14.     Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?  If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**ANSWER:**

15.     Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

16.     State if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**ANSWER:**

_____
Print Name/Title


_____
Signature on Behalf of TERRACE III AT
HIGHLAND WOODS ASSOCIATION, INC.


STATE OF _____

COUNTY OF _____

      The foregoing instrument was sworn and subscribed before me this _____ day of

_____, 2021, by _____ on behalf of

TERRACE III AT HIGHLAND WOODS ASSOCIATION, INC., who has produced

_____ as identification or who is personally known to me and who did/did not take

an oath that the statements therein are true and the best of his knowledge and belief.


_____
Notary Public (Signature)

(SEAL)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished to the following via electronic mail delivery March 22, 2021:

Cary J. Goggin, Esq.
Amanda Broadwell, Esq.
Kurtis Jay Keefer, Esq.
Goede, Adamczyk, Deboest & Cross, PL
6609 Willow Park Drive, Suite 201
Naples, FL 34109
cgoggin@gadclaw.com
abroadwell@gadclaw.com
jdelgado@gadclaw.com
*Counsel for Plaintiff*

/s/ Phillip S. Howell
PHILLIP S. HOWELL
DAVID T. BURR