UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRACE III AT HIGHLAND
WOODS ASSOCIATION, INC.,

    Plaintiff,

v.                               Case No: 2:20-cv-861-JLB-MPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

Presently before the Court is the "Motion for Summary Judgment on Count I" filed by Plaintiff Terrace III at Highland Woods Association, Inc. (Doc. 17), the "Rule 56 Motion to Defer Considering Plaintiff's Motion for Summary Final Judgment and Allow Time to Take Discovery," filed by Defendant Empire Indemnity Insurance Company (Doc. 18), and the "Amended Motion For Summary Final Judgment As To Count I," filed by Terrace III (Doc. 19).

Terrace III's summary judgment motion, and now its amended summary judgment motion, seek to enforce an appraisal award against Empire. According to Terrace III:

> This dispute arises from a property insurance claim made by Terrace III to its insurer, [Empire], as a result of Hurricane Irma. After that loss, Defendant investigated Terrace III's damages, acknowledged coverage, and estimated the amount of the loss was just $18,326.11 . . . .
>
> Because of a dispute as to the amount of the loss, the parties entered into an appraisal agreement to

> determine the amount of the loss via the appraisal process. In doing so, the parties agreed on their respective appraisers and selected an umpire. The appraisal process then proceeded and resulted in an appraisal award of $2,171,921.07 …. Despite the fact that the appraisal agreement required payment of the award within 30 days of the issuance of the award, Defendant has reneged on its promise to pay and has not paid one cent to Terrace III. In fact, since the date of the loss and more than three years later, Defendant has not paid one cent to Terrace III.

(Doc. 19 at 2 (emphasis in original omitted).)

Empire argues that Terrace III's original and now amended summary judgment motions are premature because Empire disputes certain facts that are material to Court I of Terrace III's complaint seeking to enforce payment on the appraisal award and requested summary judgment relief on that count. (Doc. 18.) Thus, Empire filed a motion to defer ruling on Terrace III's summary judgment motion until after it has had the opportunity to complete discovery on the factual issues arising out of that motion.

The parties filed a joint case management report on January 27, 2021 which recommended a discovery deadline of December 3, 2012 and a dispositive motion deadline of December 17, 2021. (Doc. 12.) The court entered a Case Management and Scheduling Order on February 3, 2021 which advanced those deadlines by two months. Thus, the court's Scheduling Order provides for a discovery deadline of October 29, 2021 and a dispositive motions deadline of November 24, 2021. (Doc. 13.) The Federal Rules, of course, allow Terrace III to file a summary judgment motion "at any time until 30 days after the close of all discovery." Fed. R. Civ. P.

56(b). But the Rules also provide that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Rather than file a response to Empire's motion to defer ruling on summary judgment, Terrace III has filed an amended summary judgment motion. That motion asserts that there are no factual disputes preventing summary judgment in Terrace III's favor. Specifically, Terrace III argues that there is no dispute that Empire failed to timely pay the appraisal award and thus breached the agreement. But so far as the Court can tell, while Empire does not dispute there is an appraisal award and that it has not paid it, Empire does dispute its legal obligation to pay the award, asserting several affirmative defenses to payment. Terrace III argues that Empire's defenses are without merit as a matter of law. Empire disagrees, arguing that there are disputed factual issues that need to be resolved before the Court can rule on the merits to its defenses to the appraisal award.

If, as Terrace III argues, Empire's defenses do not raise any factual issues, then it is not clear why Terrace III agreed to a discovery cut-off date in December 2021. But in any event, the Court cannot just accept Terrace III's position that Empire's defenses to the arbitration award do not turn on disputed fact issues, when Empire argues otherwise. Terrace III may be correct, but Empire is entitled to present its arguments regarding disputed factual issues, and to do that, Empire

3

states it needs to complete discovery that apparently is already in progress. See Fed. R. Civ. P. 56(d).

The Court certainly understands Terrace III's frustration at any further delays to its recovery of amounts it believes Empire owes by virtue of the appraisal award. The appraisal agreement, Terrace III contends, required payment of the award within 30 days. But the payment-within-30-days provision assumes the award is not contested. Here, Empire contests it, which is why Terrace III had to file an action in court to enforce the award.

In sum, Empire's request that consideration of Terrace III's motion for summary judgment be deferred to allow discovery is consistent with the parties' prior agreement concerning the discovery and dispositive motions deadline, and the Scheduling Order entered by the magistrate judge pursuant to that agreement. In addition, it is also grounded in fundamental fairness. To obtain court enforcement of an appraisal award that is disputed by the opposing party, Terrace III must establish a legal right to enforcement. And, in our system of justice, the defendant has a right to raise defenses to the plaintiff's asserted legal right. Empire makes a reasonable argument that it needs fact discovery to raise a legal defense. It also appears to carefully craft its request for time to complete discovery to be no more burdensome than necessary, asking not for the entire discovery period currently open to it (through October 29, 2021), but an "allowance to take discovery that will enable it to present the facts essential to justify its opposition." (Doc. 18 at 10.) Empire asserts that the discovery it needs is in progress, thereby suggesting that it

should be able to complete the discovery it believes it needs well before the current October 29, 2021 discovery cut-off date.

Accordingly, the Court orders that:

1. Terrace III's Motion for Summary Judgment on Count I, **Doc. 17**, and Amended Motion For Summary Final Judgment As To Count I, **Doc. 19,** are **DENIED WITHOUT PREJUDICE** as premature.

2. Empire's Rule 56 Motion to Defer Considering Plaintiff's Motion for Summary Final Judgment and Allow Time to Take Discovery, **Doc. 18**, is **GRANTED.**

3. The parties are directed to meet and confer in the next 14 days regarding how much additional time Empire needs to complete discovery for purposes of responding to Terrace III's motion for summary judgment on Count I. If the parties reach agreement for completion of discovery related to Count I of the complaint by a certain date, they may file a notice of that agreement with the Court. If the parties are unable to reach agreement, they are directed to file a motion for a scheduling conference with the magistrate judge. In the meantime, the deadlines in the current Scheduling Order shall remain in effect.

**ORDERED** in Fort Myers, Florida on April 5, 2021.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE