UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRACE III AT HIGHLAND
WOODS ASSOCIATION, INC.,

      Plaintiff,

v.                                        Case No: 2:20-cv-861-JLB-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

      Defendant Empire Indemnity Insurance Company ("Empire") insured property owned by Plaintiff Terrace III at Highland Woods Association, Inc. ("Terrace"). The insured property sustained damage during Hurricane Irma and Terrace submitted a claim to Empire. The parties disagreed on the loss amount but agreed to determine the amount through the appraisal process. The appraisal authority determined the loss amount to be $2,171,921.07. Terrace sued Empire to enforce the appraisal award after Empire failed to timely pay the award under the parties' appraisal agreement. Terrace moved for summary judgment on Count I of its complaint. (Doc. 17.) Empire responded by seeking to defer ruling under Federal Rule of Civil Procedure 56(d). (Doc. 18.) Rather than respond, Terrace filed an amended summary judgment motion. (Doc. 19.) Taking the amended summary judgment motion as an opposition to Empire's motion to defer ruling on the initial summary judgment motion, the Court entered an order deferring ruling on

Terrace's summary judgment motions. (Doc. 20.) Now before the Court is Terrace's motion for reconsideration of that order (Doc. 21), to which Empire timely responded (Doc. 24). Terrace replied. (Doc. 28.) After carefully considering the parties' filings, the Court **DENIES** the motion for reconsideration (Doc. 21).

## LEGAL STANDARD

Reconsideration of a court's previous order is an extraordinary remedy that should be used sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993)). Courts have identified three primary grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). The movant bears the burden of establishing extraordinary circumstances justifying reconsideration. Mannings v. School Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993) (citation omitted).

Reconsideration relief may be granted within the sound discretion of the district court. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quotation omitted). "Denial of a motion for reconsideration is especially

2

sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (cleaned up). Policy reasons dictate that courts and litigants cannot repeatedly backtrack over the many close calls presented throughout the life of a case. See Sussman, 153 F.R.D. at 694.

### DISCUSSION

The crux of Terrace's argument for reconsideration seems to rely on the fact that the Court granted the motion to defer (Doc. 18) before Terrace filed a response. (Doc. 20.) Terrace contends that it had two more days to file a response when the Court granted the motion to defer. Because Terrace filed an amended summary judgment motion (Doc. 19) after Empire filed its motion to defer (Doc. 18), the Court deemed the amended summary judgment motion to be Empire's response. As best the Court can tell, Terrace argues that the Court's decision should have considered its response, which would have changed the Court's ruling.

Terrace has not argued any change in controlling law or new evidence. As such, the Court must consider whether Terrace has demonstrated a clear error that resulted in manifest injustice. It has not. Although Local Rule 3.01(c) permits the Court to treat a motion as unopposed when a party fails to respond within the permitted time, the Court's decision was not based on a perceived lack of opposition.[1] In fact, the Court interpreted Terrace's amended summary judgment

---

[1] Notably, nothing in the Local Rules prohibits the Court from granting a motion before the response period has passed. Nor has Terrace cited any authority for that proposition.

3

as an opposition to the motion to defer.  (Doc. 20 at 3.)  For example, the Court considered Terrace's argument that there is no factual dispute that Empire failed to timely pay the appraisal award and therefore breached the parties' agreement.  (Id.)  The Court's order notes that Empire disputes its legal obligation to pay the award, as described by its affirmative defenses.  In support of its position, Empire provided an affidavit detailing the discovery it seeks.  (Doc. 18-2.)  That discovery appears reasonably narrow and should be easily completed prior to the October 29, 2021 discovery cutoff.  (Doc. 20 at 4.)

Terrace's contention that the discovery Empire seeks is irrelevant and unnecessary falls short.  "[T]he party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."  Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997) (citing Snook v. Tr. Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870–71 (11th Cir. 1988), and WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988)).  "A district court may defer ruling on a motion for summary judgment where the party opposing the motion demonstrates through affidavit why it cannot present facts essential to justify [the motion's] opposition."  Slater v. Progress Energy Serv. Co., No. 8:09-cv-208-T-24-EAJ, 2010 WL 1408431, at *2 (M.D. Fla. Apr. 6, 2010) (quotation omitted).  "Such continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence."  Wichita

Falls Off. Assocs. v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992) (quotation omitted).

Empire was diligent in seeking discovery. It was operating under the assumption that discovery was set to close on October 29, 2021. (See Doc. 15 at 2.) Yet Empire sought to coordinate depositions of Taylor Bach, George Keys, Joseph McCoy, and Terrace's corporate representative on March 16, 2021. (Doc. 18-2 at 7.) And it served written discovery on March 22, 2021. (Doc. 18-2 at 12–27.) Terrace moved for summary judgment on March 8, 2021, more than seven months before the discovery cutoff and approximately four months after filing its complaint. (Doc. 17.) Empire established in its Rule 56(d) motion and accompanying affidavit that it was not dilatory in litigating this case and that the discovery it sought was intended to build a record for summary judgment. It provided sufficient reasoning to convince the Court of its need for an adequate opportunity to conduct reasonable discovery. Empire has a right to engage in timely, relevant discovery within the framework of the Federal Rules of Civil Procedure. Terrace has failed to demonstrate any compelling reason for granting the extraordinary remedy of reconsideration to curtail Empire's timely discovery in this instance.

Terrace also expresses concern that Empire is attempting to use discovery as a fishing expedition. But Terrace has other, more appropriate methods available to defend against discovery it claims is excessive and irrelevant. As noted by Terrace, relief under Rule 56(d) is not "license for a fishing expedition." (Doc. 21 at 6.) And irrelevant or excessive discovery will not be tolerated. If it turns out that the

discovery requests create a separate discovery issue, the parties can resolve that through the usual avenues. For now, Empire has adequately shown it has not had adequate time to engage in reasonable, limited discovery.

Though the Court appreciates receiving Terrace's full briefing of the issue, it does not change the result. With the benefit of having reviewed the arguments Terrace apparently would have made in a response to the motion to defer, the Court reiterates the points made in its prior order and upholds that result, finding no basis for reconsideration. Terrace has not raised any changes in existing law or facts that justify reconsideration of the Court's order. And the Court finds no clear error resulting in manifest injustice. The Court considered Terrace's adverse position in its order, even acknowledging the same by recognizing the sympathetic position of Terrace. (Doc. 20 at 4 ("The Court certainly understands Terrace III's frustration at any further delays to its recovery of amounts it believes Empire owes by virtue of the appraisal award.").) Indeed, the Court effectively treated the amended summary judgment motion as a response in opposition. Yet none of Terrace's arguments change the prejudice to Empire that would result if Empire was not permitted to conduct discovery within the framework permitted by the Case Management and Scheduling Order and the Federal Rules of Civil Procedure. To prohibit a party from engaging in discovery when that party has been proactive and not sought to delay and extend deadlines could threaten the integrity of the judicial process where that party has demonstrated how additional discovery would establish a genuine issue of material fact. See Est. of Todashev v. United States,

815 App'x 446, 453 (11th Cir. 2020). Terrace therefore has not shown extraordinary circumstances justifying reconsideration.

Accordingly, it is now **ORDERED** that Terrace's motion for reconsideration (Doc. 21) is **DENIED**.

**ORDERED** in Fort Myers, Florida on August 17, 2021.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE