UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRACE III AT HIGHLAND
WOODS ASSOCIATION, INC.,

      Plaintiff,

v.                                             Case No. 2:20-cv-861-JLB-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY

      Defendant.

## ORDER

Before the Court is Plaintiff's motion for leave to file a reply (Doc. 41) and Defendant's response in opposition (Doc. 42). Nonparties George Keys and Taylor Bach previously filed a motion for protection from subpoenas served on them by Defendant, which remains pending. (Doc. 39). Defendant opposed the nonparties' motion. (Doc. 40). Taking issue with the points presented in Defendant's opposition, Plaintiff seeks leave to file a ten-page reply.

In broader terms, the scope of appropriate discovery in this insurance-coverage action remains unresolved. The parties agree that Plaintiff's property was damaged by Hurricane Irma and that this event is a covered loss under an insurance policy issued by Defendant. (Doc. 7, ¶¶ 5-8). And the parties further agree "to determine the amount of [Plaintiff]'s loss for all aspects of the [claim for insurance

coverage] via the appraisal process as set forth in the insurance policy … and pursuant to [a written agreement between them]." (Doc. 1, p. 2). Moreover, subject to the terms of the policy and the parties' agreement, Defendant "agree[d] to pay the [appraisal panel's] award within thirty (30) days of [its] issuance." *Id*. The appraisal panel issued an award on September 18, 2020, but Defendant refused to pay it.

This lawsuit followed, and Plaintiff quickly moved for summary judgment. (Doc. 17). But the Court found it inappropriate to deny Defendant the opportunity to conduct some limited discovery before mounting its argument that judgment could not be entered without the resolution of disputed questions of fact related to its affirmative defenses. (Docs. 20, 33). And having briefed the issue (Docs. 37, 38), the parties await the Court's ruling about the appropriate scope of discovery for resolving the summary-judgment motion.

Against this backdrop, Defendant served a member of the parties' appraisal panel and his assistant (George Keys and Taylor Bach) with subpoenas to produce documents and appear for depositions. (Docs. 39-1, 39-2). In response, Keys and Bach filed the previously mentioned motion for protective order, Defendant filed an opposition, and Plaintiff now seeks leave to file a reply.

Plaintiff posits that Defendant has advanced new arguments concerning the appropriate scope of discovery, that certain "facts presented by Defendant are inaccurate," and that Defendant's arguments are misleading and both factually and

legally unsupported. (Doc. 41, p. 2). Rather than take issue with the grounds for whether leave should be granted, Defendant takes the audacious position that the Court lacks wide discretion to allow a party to be heard on an issue before the Court. (Doc. 42, p. 1). More specifically, Defendant argues the Local Rules contemplate that only a motion's authors may "reply" to points advanced in opposition to it. (Doc. 42, p. 3). But such a "narrow, crabbed reading of a text … amounts to quibbles too gross and frivolous." *See* A. SCALIA & B. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 355-357 (2012) (cleaned up). Indeed, if the word "reply" had the meaning ascribed to it by Defendant, then Local Rule 3.01(d) would not state that a "party" with the Court's leave may file a reply and would instead state that only a "movant" may do so.

Named parties have a stake in the outcome of an action, and to ensure that rulings are based on a balanced and accurate assessment of the applicable law and facts, the Court is vested with wide discretion to allow every interested party to be heard on an issue before it. Accordingly, Plaintiff's motion (Doc. 41) is **GRANTED**. By December 10, 2021,[1] Plaintiff may file a reply of no more than ten pages.

**ORDERED** in Fort Myers, Florida on November 29, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[1] This order is identical to Doc. 43, except for above date change which corrects a typographical error.